IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KERRY FEARSON,
    Plaintiff,

vs.                                  Case No.:  5:06cv244/RS/EMT

NORMAN LAWRENCE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Motion for Default (Doc. 18). Plaintiff seeks entry of default against Defendants on the ground that they have failed to plead or otherwise defend the instant action. The court notes that service of the instant complaint on Defendants has not yet been ordered.

Rule 55 of the Federal Rules of Civil Procedure provides, in part:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant . . .

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary . . . to establish the truth of any averment by evidence or to

make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

(c) Setting Aside Default.  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). . . .

In the instant case, all of the necessary elements of default are not present. Specifically, Defendants have not yet been served with the complaint.  Thus, no filings are currently due from Defendants and it is impossible for Defendants to be in default.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Default (Doc. 18) be **DENIED**.

At Pensacola, Florida, this 12th day of March 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**