IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KERRY FEARSON,
    Plaintiff,

vs.                                    Case No. 5:06cv244/RS/EMT

NORMAN LAWRENCE, et al.,
    Defendants.
_____/

## ORDER

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 28). From a review of the complaint, it is evident that Plaintiff must clarify the nature of his claims and the persons or entities he seeks to hold liable. Moreover, it appears that Plaintiff has not stated a viable claim for relief under section 1983. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff, an inmate at Jackson Correctional Institute ("Jackson CI"), filed this civil rights action on November 22, 2006[1] (*see* Doc. 1; Doc. 1 at 8). In the style of the case, Plaintiff lists "Norman Lawrence, Inmate # L43666" as "Plaintiff" (*id.* at 1). Then, on pages one and two, Plaintiff names himself as a "Defendant" four times (*id.* at 1, 2). In the "Statement of Facts" portion of the complaint form, Plaintiff repeats instructions regarding his responsibility to obtain "print out(s) from each institution at which he or she may have been confined . . . ." (*id.* at 7). Plaintiff does not state any other facts and repeats the same statement in an abbreviated form in the

---

[1] The "mailbox rule," recognized by the United States Supreme Court in Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), applies to incarcerated pro se Plaintiffs; thus, a complaint is deemed filed at the moment the inmate loses control over the document by placing it in the hands of prison officials. *See also* Turner v. Singletary, 46 F. Supp. 2d 1238, 1242 (N.D. Fla. 1999) (mailbox rule applies to complaints in section 1983 actions).

"Statement of Claims" and "Relief Requested" sections of the complaint form (*see id.* at 7–8). Attached to the complaint is an inmate grievance which appears to complain of Plaintiff's assignment to thirty days in "the box" for making a comment to an officer that was "verbally a disrespect." (*id.* at 9). Plaintiff claims that the report filed against him by the officer was falsified (*id.*).

Initially, Plaintiff must clarify the Defendants in this matter. Plaintiff names himself as "Defendant" and lists "Norman Lawrence, Inmate # L43666" as "Plaintiff" (*id.* at 1, 2). In his amended complaint, Plaintiff must clarify who he seeks to sue in this action, keeping in mind that he cannot sue himself (thus, he should list himself as <u>Plaintiff</u> and not as a <u>Defendant</u>).

Additionally, it is well recognized that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

<u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); <u>Duke v. Cleland</u>, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing <u>Parratt</u>). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* <u>Dennis v. Sparks</u>, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint

action test')." <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

Here, it appears that Plaintiff is seeking to sue "Norman Lawrence, Inmate # L43666" and that Mr. Lawrence is another inmate (Doc. 1 at 1).  Thus, unless sufficient facts exist showing that Mr. Lawrence was acting under color of state law, this action is subject to dismissal.

Moreover, although Plaintiff filed his complaint on the form for use in § 1983 cases, he failed to properly complete the "Statement of Facts," "Statement of Claims," and "Relief Requested" sections of the complaint form (*see* Doc. 1 at 7–8).  In the "Statement of Facts" section, Plaintiff must describe in detail how each named Defendant harmed him.  Next, in the "Statement of Claims" section, Plaintiff must state the provision of federal law or the Constitution that was allegedly violated.  Furthermore, Plaintiff must complete the "Relief Requested" portion of the complaint form, so the court will be aware of the nature of the relief sought by Plaintiff.

Finally, to the extent Plaintiff complains that he was placed in administrative confinement on the basis of a false disciplinary report (*see* Doc. 1 at 9), Plaintiff has failed to state a constitutional claim.  The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation.  <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951–53 (2d Cir. 1986).  This is primarily because the Constitution requires only that Plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies.  <u>Freeman</u>, 808 F.2d at 952; *see also* <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).  Therefore, if Plaintiff's complaint is based entirely on an allegedly false disciplinary report, this case is subject to dismissal.

Plaintiff should carefully review the foregoing.  If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is

involved in each alleged federal violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."  Alternatively, Plaintiff shall file a notice of voluntary dismissal within the same time.

3. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this  19th  day of July 2007.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**